IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL INSURANCE COMPANY, )
)
      **Plaintiff,** )
)
   **v.** )   No. 09 C 1634
)
)
ILLINOIS FUNERAL DIRECTOR'S )
ASSOCIATION, *et al.*, )
)
      **Defendant.** )

## MEMORANDUM OPINION

This matter is before the court on Calvert Funeral Homes, Ltd.'s, Clancy-Gernon Funeral Homes Inc.'s, Aaron Todd Dean's, Fred C. Dames Funeral Homes, Inc.'s, McCracken-Dean Funeral Home, Inc.'s, and Knapp Funeral Homes, Inc.'s (collectively referred to as "Funeral Directors") motion to intervene. For the reasons stated below, we deny the motion to intervene.

## BACKGROUND

Plaintiff Federal Insurance Company (Federal) alleges that it issued an insurance policy known as the ForeFront Portfolio Policy No. 8169-9276 (Policy) to Defendant Illinois Funeral Directors Association (IFDA) for one-year periods in

2005 (2005 Policy), 2006 (2006 Policy), 2007 (2007 Policy), and 2008 (2008 Policy). The IFDA is allegedly a not-for-profit organization whose membership consists of funeral directors in Illinois. Defendant I.F.D.A. Services, Inc. (IFDAS) is allegedly a subsidiary of the IFDA, and offers for-profit services to funeral directors in Illinois. According to Federal, one such service offered by IFDAS was the establishment of a Preneed Trust (Trust), which allowed customers of various funeral homes in Illinois to pre-finance their funeral arrangements and deposit funds for such purposes in a Trust administered by IFDAS.

Federal claims that on June 21, 2006, the Illinois Office of the Comptroller, Cemetery Care and Burial Trust Division (IOC) informed the IFDA and IFDAS in a letter (IOC Letter) that audits of the Trust's records revealed that IFDAS had taken unauthorized excess fees of approximately $8.6 million between 2000 and 2005. Federal alleges that the IOC Letter further stated that the IOC investigation had revealed that the Trust was underfunded by approximately $39 Million.

Federal alleges that on November 26, 2008, individual beneficiaries of the Trust filed a class-action complaint in the Circuit Court of Kane County against IFDA and IFDAS (*Dunkle* Action) alleging that IFDAS had mismanaged the Trust and failed to follow required procedures. According to Federal, the plaintiffs in the *Dunkle* Action alleged that the Division of Banking for the Illinois Department of Financial and Professional Regulation had issued a Cease and Desist Order to IFDAS prohibiting it from conducting further business involving the Trust. The plaintiffs in the *Dunkle* Action also alleged that funds of the Trust were improperly invested and

2

there was a deficit in the assets of the Trust.

Federal alleges that on January 28, 2009, the Funeral Directors filed a derivative action in the Circuit Court of Cook County against the IFDA, IFDAS, individual members of the IFDA and IFDAS Board of Directors, and other financial advisors of the Trust (*Calvert* Action). The Funeral Directors also alleged in the *Calvert* Action that the individuals responsible for managing the Trust mismanaged the funds, made improper investments, took excessive administration fees, and otherwise left the Trust underfunded.

Federal alleges that it was not provided with notice of any of the legal issues surrounding the Trust until the *Dunkle* Action was tendered to it on December 18, 2008. Federal claims that in January 2009, it received, for the first time, copies of the complaints in the *Dunkle* Action and the *Calvert* Action. According to Federal, it was through the allegations in the *Calvert* Action complaint that Federal first learned of the existence of the IOC Letter. Federal alleges that, pursuant to the terms of the Policy, Federal promptly provided the IFDA with a letter notifying the IFDA of Federal's reservation of rights not to provide coverage for liability associated with the IOC Letter, the *Dunkle* Action and the *Calvert* Action.

Federal brought the instant declaratory judgment action seeking: a declaration that there is no coverage under the 2006 Policy, 2007 Policy, or 2008 Policy for liability stemming from the IOC Letter, the *Dunkle* Action, and the *Calvert* Action since all three relate to back to the IOC letter which was issued when the 2005 Policy was in effect (Count I), a declaration that there is no coverage under the 2006 Policy,

2007 Policy, or 2008 Policy for liability stemming from the IOC Letter, the *Dunkle* Action, and the *Calvert* Action due to undisclosed prior knowledge of the IOC Letter before the inception of the 2006 Policy, 2007 Policy, and 2008 Policy (Count II), a declaration that there is no coverage under the 2006 Policy, 2007 Policy, or 2008 Policy for liability stemming from the IOC Letter, the *Dunkle* Action, and the *Calvert* Action due to other policy exclusions (Count III), a declaration that there is no coverage under the 2005 Policy for liability stemming from the IOC Letter, the *Dunkle* Action, and the *Calvert* Action since there was a failure to provide timely notice of a claim (Count IV), and a declaration that there is no coverage under the 2005 Policy based on other exclusions under the terms of the 2005 Policy (Count V). The Funeral Directors have filed the instant motion to intervene in the instant action.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 24(a)(2) (Rule 24(a)(2)), a party that seeks intervention in a timely manner is entitled to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene is required to establish each of the elements enumerated in Rule 24(a)(2) in order to intervene as a matter of right and failure to establish any one of the elements is grounds for denial of a petition to intervene. *Ligas ex rel. Foster v.*

*Maram*, 478 F.3d 771, 773 (7th Cir. 2007).

If a party cannot intervene as a matter of right under Rule 24(a)(2), it can move for permissive intervention under Federal Rule of Civil Procedure 24(b) (Rule 24(b)), whereby a court may allow intervention if the party seeking intervention "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Whether to allow a party to intervene under Rule 24(b) is "within the discretion of the district court." *Ligas ex rel. Foster*, 478 F.3d at 775.

## DISCUSSION

The Funeral Directors, who are also the plaintiffs in the *Calvert* Action, seek to intervene in the instant action and state that they intend to move for a stay of the instant action pending a resolution of the other legal matters regarding Defendants' liability with respect to the Trust. The Funeral Directors argue that they should be able to intervene in the instant action as a matter of right under Rule 24(a)(2) or, in the alternative, they move for permissive intervention under Rule 24(b). Federal and Defendants (collectively referred to as "Instant Parties") have separately filed briefs in opposition to the instant motion. The Instant Parties argue that the Funeral Directors have failed to meet the standard for intervention as a matter of right and that permissive intervention is not appropriate.

I. Intervention As a Matter of Right

The Funeral Directors argue that they have the right to intervene in the instant action contending that they meet all of the requirements for intervention enumerated in Rule 24(a)(2). As indicated above, there are four elements that must be established for intervention as a matter of right under Rule 24(a)(2): (1) the motion must be timely, (2) the party seeking intervention must "'possess an interest related to the subject matter of the . . . action,'" (3) the "'disposition of the action [must] threaten[] to impair that interest,'" and (4) the existing parties to the action must not already "'represent adequately'" the interests of the party seeking intervention. *Ligas ex rel. Foster*, 478 F.3d at 777 (quoting *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003)). The Instant Parties do not contest the fact that the motion is timely. However, the Instant Parties contest the remaining three factors.

    A. Protectable Interest

The Funeral Directors argue that they have a significant protectable interest in the property at issue in the instant action, namely, the possible proceeds of the Policy. The Funeral Directors argue that it was their customers who, through the Funeral Directors, provided the funds that were deposited into the Trust that was allegedly mismanaged by Defendants. The Funeral Directors contend that they have a substantial interest in recouping the losses to the Trust since, otherwise, the Funeral Directors may be individually responsible for paying the losses to their

customers. The Funeral Directors suggest that without the potential proceeds of the Policy, they may never be able to collect on any judgment they receive against the defendants in the *Calvert* Action and the Trust funds may never be recouped.

The Instant Parties argue that the Funeral Directors have no real interest in the property at issue in this case and that the Funeral Directors possess, at most, an interest in the Policy proceeds that is speculative and contingent on other unresolved factors. For example, Federal points out in its opposition brief that the only possible way that the Funeral Directors could be entitled to proceeds from the Policy would be if (1) the Funeral Directors were to prevail on their claims against the defendants in the *Calvert* Action and (2) the court in the instant action rules in favor of Defendants and finds that the proceeds of the Policy are payable. Federal points out that neither event has occurred.

According to the Seventh Circuit, a party seeking to establish a protectable interest for the purposes of intervention must show that it has an interest that is "direct, significant, and legally protectable." *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503, 506 (7th Cir. 1996); *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995). Furthermore, the interest of the party seeking intervention "must be one on which an independent federal suit could be based." *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006). The court finds that the Funeral Directors have failed to show a legally protectable interest in the instant action that would qualify them for intervention as a right. Any interest possessed by the Funeral Directors is entirely

7

speculative and is contingent on a finding of liability and damages in the *Calvert* Action. Furthermore, even in the event that the Funeral Directors are found to be entitled to damages in the *Calvert* Action, the award of damages will not be directly influenced by the existence or absence of an enforceable insurance policy. The Funeral Directors speculate that, in the event that they prevail in the *Calvert* Action and Federal prevails in the instant declaratory judgment action, the Funeral Directors may have trouble collecting on the judgment they receive in the *Calvert* Action. However, such a speculative link to the subject matter of the instant action is tenuous at best and the Funeral Directors have not shown that they possess a "direct, significant, and legally protectable" interest in this case. *Solid Waste Agency*, 101 F.3d at 506. Therefore, the Funeral Directors have not established the necessary protectable interest required for intervention as a matter of right.

### B. Threat of Impairment

As we indicated above, the Funeral Directors have failed to point to an actual protectable interest in the instant action. The third factor that parties seeking intervention must demonstrate in order to intervene as a matter of right under Rule 24(a)(2) is that the interest they possess may be in danger of being impaired by the disposition of the action. *Ligas ex rel. Foster*, 478 F.3d at 777. In this case, since there is no protectable interest by the Funeral Directors, there is no threat of impairment. As discussed above, the only interest the Funeral Directors may have in the policy is contingent on the Funeral Directors prevailing in the *Calvert* Action.

Furthermore, also as mentioned above, the disposition of this action will in no way effect the rights of the Funeral Directors to collect damages in the event that they prevail in the *Calvert* Action. If they prevail, the Funeral Directors will be entitled to collect damages against the defendants in the *Calvert* Action regardless of whether such defendants are indemnified under the Policy. Thus, the Funeral Directors have also failed to demonstrate that they have a protectable interest that is subject to damage by the disposition of the instant action.

### C. Adequate Representation

The Funeral Directors also argue that their interest in the instant action is not adequately represented by the existing Defendants in the instant action. The Instant Parties argue that, even if the interest possessed by the Funeral Directors was protectable for the purposes of intervention under 24(a)(2), such an interest is adequately represented by Defendants. For example, Defendants point out in their brief in opposition to the motion to intervene that there is nothing to suggest a conflict of interest between the Funeral Directors and Defendants as to the issues in the instant action. Based on the circumstances under which the instant action has arisen, there is nothing to suggest that Defendants lack an incentive to rigorously defend against the instant action or that there is an element of collusion between Federal and Defendants.

The Funeral Directors argue in their motion to intervene that "it is apparent that defendants IFDA, IFDA Service, Inc, . . . their current and former officers and

directors, and their corporate legal counsel are not capable of representing th[e] interests" of the Funeral Directors. (Mot. 1). In their reply brief, the Funeral Directors clarify that they only intend to suggest that Defendants as parties are incapable of adequately representing the interests of the Funeral Directors, based on alleged past bad acts by such Defendants, and that the Funeral Directors do not mean to suggest that counsel for Defendants are incapable of rigorously defending in the instant action.

The adequacy of representation requirement "is taken seriously and for good reasons. . . ." *Solid Waste Agency*, 101 F.3d at 506. The Seventh Circuit has pointed out that "[i]ncreasing the number of parties to a suit can make the suit unwieldy." *Id.* Adequacy of representation is "presumed" in situations "[w]here the interests of the original party and of the intervenor are identical–where in other words there is no conflict of interest. . . ." *Id.*; *see also United States v. South Bend Community School Corp.*, 692 F.2d 623, 626 (7th Cir. 1982)(quoting *United States v. Board of School Commissioners of the City of Indianapolis*, 466 F.2d 573, 575 (7th Cir. 1972) for the proposition that "representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the necessary representative does not fail in the fulfillment of his duty").

The Instant Parties are correct in their assertion that Defendants in the instant action adequately represent the interests of the Funeral Directors with respect to the Policy. This case is precisely the type of case described by the Seventh Circuit

where there is no actual conflict of interest. *Solid Waste Agency*, 101 F.3d at 506. Both Defendants and the Funeral Directors have the unified interest in defeating Federal's declaratory judgment action. The Funeral Directors have not pointed to anything other than the underlying allegations of wrongdoing in the *Calvert* Action to support the proposition that Defendants will not zealously defend their own interests in the instant action. Such allegations, which have no bearing on Defendants' motives to defend themselves in this action, are not enough to show an inadequacy of representation. Therefore, for all of the reasons discussed above, we deny the Funeral Directors' motion to intervene as a matter of right.

II. Permissive Intervention

The Funeral Directors also argue that, in the event that they are unable to intervene as a matter of right, the court, in its discretion, should allow them to intervene under Rule 24(b) since they argue there are common questions of fact and law in the *Calvert* Action and the instant action. The Instant Parties argue that the Funeral Directors' list of overlapping factual issues is misleading and that issues in this case are entirely related to coverage under the Policy which can be easily distinguished from the issues in the underlying liability actions. The Instant Parties also argue that they would be prejudiced by the intervention of the Funeral Directors and any stay that might delay the instant proceedings.

As indicated above, a party can seek intervention under Rule 24(b) if there are common questions of law or fact. However, the Seventh Circuit has cautioned that

permissive intervention is not a "one-sided equation" whereby the courts should focus solely on the interests of the proposed intervenor. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 950 (7th Cir. 2000). Courts are required to also consider "'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003)(quoting Fed. R. Civ. P. 24(b)(3)).

The court finds that in this case permissive intervention would not be appropriate. The central factual issues in this case involve the interpretation of contractual terms in the Policy. The Federal Defendants' conjecture that some of the tangential factual issues that may arise in this case may overlap with some of the factual issues in the *Calvert* Action is not enough to show that there are common questions of fact that would justify intervention under Rule 24(b). Furthermore, when taking into consideration the rights of the Instant Parties, it is clear that intervention and the corresponding stay that the Funeral Directors intend to seek would prejudice the Instant Parties. Federal, in particular, would be prejudiced by being required to await the conclusion of at least two other civil proceedings without the adjudication of its claims. Federal has no role in the other actions and would be prejudiced by such a delay. Therefore, we deny the Funeral Directors' request for permissive intervention under Rule 24(b).

## CONCLUSION

Based on the foregoing analysis, we deny the Funeral Directors' motion to intervene.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 29, 2009